IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH BURPEE,**<br>*Petitioner* | § § § | |
| v. | § § | A-23-CV-00565-DII-SH |
| **COMAL COUNTY JAIL,**<br>*Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE UNITED STATES DISTRICT COURT**

Before this Court are Joseph Burpee's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1). The District Court referred this case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions, pursuant to the District Court's Standing Case Management Order, 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 2.

### I.   Background

Petitioner Joseph Burpee is detained in Comal County Jail in New Braunfels, Texas, for a parole violation. Burpee is no stranger to this Court. While incarcerated, he has filed a plethora of civil actions and appeals that have been dismissed as frivolous or malicious or for failure to state a claim. *See Burpee v. Martinez*, 1:23-cv-412-LY, at Dkt. 4 (W.D. Tex. Apr. 18, 2023) (listing Burpee's past cases and dismissing civil rights complaint with prejudice under three-dismissal rule of 28 U.S.C. § 1915(g)).

In his instant Petition for Habeas Corpus under 28 U.S.C. § 2241, Burpee alleges that Comal County Sherriff Mark Reynolds "entrapped" him into paying a law enforcement officer $10,000. Dkt. 1 at 1.[1] Burpee appears to ask that the District Court order his release from custody.

## II.   Analysis

A state pretrial detainee such as Burpee may challenge the authority of the state to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus under § 2241. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A state pretrial detainee may proceed under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Id.*

As stated, Burpee is being detained at Comal County Jail and therefore is "in custody" for purposes of § 2241. But he also must show that he has exhausted his state administrative remedies.

While § 2241 does not contain an exhaustion of state remedies requirement, it has long been settled that a § 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention. *See Dickerson*, 816 F.2d at 225. As the Fifth Circuit has explained:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Id.*

---

[1] The Court sua sponte **GRANTS** Burpee *in forma pauperis* status. *See Burpee v. Hays Cnty.*, 1:22-cv-176-LY, at Dkt. 4 (W.D. Tex. March 9, 2022) (granting Burpee *in forma pauperis* status).

> Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. However, exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and [Burpee] bears the burden of demonstrating the futility of administrative review..

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citations omitted).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals through either a petition for discretionary review or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Burpee presents no evidence that he sought state habeas relief or otherwise presented the claims he raises in this federal habeas petition to any state court. Thus, he has not exhausted his state court remedies. Burpee has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights; nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement. Accordingly, pretrial habeas interference by this Court in the normal functioning of the state's criminal processes is not authorized, and Burpee has no right to seek federal habeas corpus relief now. *Braden*, 410 U.S. at 493. The Court recommends that Burpee's Petition be dismissed without prejudice subject to his right to seek federal habeas corpus relief after the state proceedings are concluded.

### III.   Recommendation

For these reasons, the undersigned **RECOMMENDS** that the District Court **DISMISS** without prejudice Joseph Burpee's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1).

### IV.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2241 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Accordingly, it is recommended that a certificate of appealability not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 1, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE